[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-10907

_____

D. C. Docket No. 05-20444 CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUSTIN EVANS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 30, 2007)**

Before TJOFLAT, HULL and BOWMAN,[*] Circuit Judges.

BOWMAN, Circuit Judge:

---

[*]Honorable Pasco M. Bowman II, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Justin Evans appeals his convictions for enticing a minor to engage in a commercial sex act in violation of 18 U.S.C. § 1591(a)(1), and enticing a minor to engage in prostitution in violation of 18 U.S.C. § 2422(b). Evans asserts that the district court erred in denying his motion to dismiss the indictment. Specifically, Evans challenges the constitutionality of § 1591(a)(1) and § 2422(b) as applied to his purely local actions and the sufficiency of the stipulated facts to satisfy the jurisdictional interstate-commerce elements of the offenses. After review and oral argument, we affirm.

## I.

A federal grand jury indicted Evans and two co-defendants for their roles in operating a child prostitution ring in Miami-Dade County, Florida. Evans filed a motion to dismiss the indictment, contending that the evidence upon which the government planned to rely would not satisfy the interstate-commerce element of the statutes under which he was charged. Thereafter, the parties agreed to proceed by way of a conditional guilty plea. Evans pleaded guilty to violating 18 U.S.C. §§ 1591(a)(1) and 2422(b), but reserved his right to pursue his motion to dismiss the indictment. See Fed. R. Crim. P. 11(a)(2).

The parties agreed to the following relevant facts, either in the Factual Proffer to Support the Guilty Plea or at the hearing on the motion to dismiss the

indictment. From December 2004 until May 2005, a fourteen-year-old girl ("Jane Doe") worked for Evans as a prostitute in Miami-Dade County. Evans arranged "dates" for Jane Doe at local hotels, and Jane Doe gave the money she earned on these dates to Evans. To inform Jane Doe of dates that he had arranged, Evans called Jane Doe on a cellular telephone that she had acquired from him. Evans also gave Jane Doe's cellular telephone number to customers and told Jane Doe to arrange dates when customers called. During the dates, Evans called Jane Doe on the cellular telephone to "check up on her." Government's Sur-Reply to Motion to Dismiss at 3. Evans supplied Jane Doe with condoms for use on the dates. The condoms were usually Lifestyle brand, which are manufactured overseas, imported into Georgia, and then distributed throughout the United States. In February 2005, Jane Doe was hospitalized for eleven days, during which time she was diagnosed with AIDS. A few days after Jane Doe's release from the hospital, Evans called her on a land-line telephone and induced her to resume her work as a prostitute for him. Jane Doe worked for Evans until May 2005, when she was again hospitalized for AIDS treatment.

The district court determined that Evans's conduct satisfied the "in or affecting interstate or foreign commerce" element of § 1591(a)(1) and the "using . . . any facility or means of interstate or foreign commerce" element of § 2422(b).

3

Accordingly, the district court denied Evans's motion to dismiss the indictment. Evans appeals.

## II.

Generally, we review a district court's denial of a motion to dismiss an indictment for abuse of discretion. See United States v. Noriega, 117 F.3d 1206, 1211 (11th Cir. 1997), cert. denied, 523 U.S. 1060 (1998). When the motion to dismiss the indictment challenges the court's subject matter jurisdiction, however, "we review *de novo* the district court's interpretation and application of the statutory provisions concerning the court's subject matter jurisdiction." United States v. McPhee, 336 F.3d 1269, 1271 (11th Cir. 2003); see also United States v. Drury, 396 F.3d 1303, 1312 (11th Cir.) (applying a de novo standard of review in determining whether the evidence was sufficient to satisfy the interstate-commerce element of 18 U.S.C. § 1958(a)), cert. denied, 126 S. Ct. 336 (2005). Whether a statute is unconstitutional as applied is also a question of law subject to de novo review. United States v. Ballinger, 395 F.3d 1218, 1225 (11th Cir.) (en banc), cert. denied, 126 S. Ct. 368 (2005).

## A.

Count One of the indictment charged Evans with violating 18 U.S.C. § 1591(a)(1), which imposes punishment on anyone who "knowingly *in or*

4

*affecting interstate or foreign commerce*, . . . recruits, entices, harbors, transports, provides, or obtains by any means a person . . . knowing . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act." 18 U.S.C. § 1591(a)(1) (emphasis added). Evans argues that because all of his conduct involving Jane Doe occurred solely within the state of Florida, it cannot supply the necessary factual predicate for the interstate-commerce element of § 1591(a)(1). We disagree.

Pursuant to authority conveyed by the Commerce Clause of the United States Constitution, "Congress has the power to regulate activities that substantially affect interstate commerce." Gonzales v. Raich, 545 U.S. 1, 17 (2005). The Supreme Court has interpreted this power broadly to include the "power to regulate purely local activities that are part of an economic 'class of activities' that have a substantial effect on interstate commerce." Id. "[W]here Congress has attempted to regulate (or eliminate) an interstate market, Raich grants Congress substantial leeway to regulate purely intrastate activity (whether economic or not) that it deems to have the capability, in the aggregate, of frustrating the broader regulation of interstate economic activity." United States v. Maxwell, 446 F.3d 1210, 1215 (11th Cir.), cert. denied, 127 S. Ct. 705 (2006). Thus, in Raich, the Supreme Court upheld the application of the federal Controlled Substances Act ("CSA") to the

5

purely intrastate growth and use of marijuana for medical purposes. 545 U.S. at 9. The Court found that the CSA created a comprehensive framework for regulating controlled substances and that Congress had a rational basis to conclude that intrastate conduct could substantially affect its ability to regulate interstate commerce. Id. at 30, 32.

Applying Raich, our Court recently rejected arguments that purely intrastate conduct could not be prosecuted under the federal Child Pornography Prevention Act of 1996 ("CPPA"). First, in Maxwell, we held that 18 U.S.C. § 2252A(a)(5)(B) was not unconstitutional as applied to a defendant's intrastate possession of child pornography, even though no evidence indicated that the defendant's conduct was likely to impact interstate commerce. 446 F.3d at 1217–19. We noted that the CPPA is part of a comprehensive regulatory scheme criminalizing, inter alia, the production, possession, and sale of child pornography and that Congress could rationally conclude that the cumulative effect of local possession of child pornography would substantially affect the interstate commerce that Congress was seeking to eliminate. Id. at 1217–19. Similarly, in United States v. Smith, we rejected the argument that 18 U.S.C. § 2251(a) was unconstitutional as applied to the intrastate production of child pornography. 459 F.3d 1276, 1284–85 (11th Cir. 2006), cert. denied, 75 U.S.L.W. 3352 (U.S. Jan. 8,

6

2007) (No. 06-7780).  We reasoned that § 2251(a), like § 2252A(a)(5)(B), is part of a comprehensive regulatory scheme that could be frustrated by purely intrastate activity considered in the aggregate.  Id. at 1285.

We have no difficulty concluding that Raich, Maxwell, and Smith foreclose Evans's challenge to the constitutionality of § 1591(a)(1) as applied to his activities occurring solely within Florida.  Section 1591 was enacted as part of the Trafficking Victims Protection Act of 2000 ("TVPA"), Pub. L. No. 106-386, 114 Stat. 1464 (codified as amended in scattered titles of U.S.C.).  Like the CSA and the CPPA, the TVPA is part of a comprehensive regulatory scheme.  The TVPA criminalizes and attempts to prevent slavery, involuntary servitude, and human trafficking for commercial gain.[1]  Congress recognized that human trafficking, particularly of women and children in the sex industry, "is a modern form of slavery, and it is the largest manifestation of slavery today."  22 U.S.C. § 7101(b)(1); see also id. at § 7101(b)(2), (4), (9), (11).  Congress found that trafficking of persons has an aggregate economic impact on interstate and foreign commerce, id. § 7101(b)(12), and we cannot say that this finding is irrational.

Evans's enticement of Jane Doe to commit prostitution, even though his

---

[1]Section 1591 does not criminalize all acts of prostitution (a vice traditionally governed by state regulation).  Rather, its reach is limited to sex trafficking that involves children or is accomplished by force, fraud, or coercion.  18 U.S.C. § 1591(a).

actions occurred solely in Florida, had the capacity when considered in the aggregate with similar conduct by others, to frustrate Congress's broader regulation of interstate and foreign economic activity. As noted by the district court, "While [Evans's] activities may be minor in the national and international market of trafficking children for commercial sex acts, his acts contribute to the market that Congress'[s] comprehensive scheme seeks to stop." Order of Nov. 23, 2005, at 10. Evans's use of hotels that served interstate travelers and distribution of condoms that traveled in interstate commerce are further evidence that Evans's conduct substantially affected interstate commerce. See United States v. Pipkins, 378 F.3d 1281, 1295 (11th Cir. 2004) (holding that evidence that "pimps furnished their prostitutes with condoms manufactured out of state . . . supports a finding that the activities of the enterprise affected interstate commerce"), vacated on other grounds, 544 U.S. 902, opinion reinstated, 412 F.3d 1251 (11th Cir.), cert. denied, 126 S. Ct. 591 (2005). Therefore, Evans's conduct sufficiently satisfies the interstate-commerce element of 18 U.S.C. § 1591(a) and his as-applied constitutional challenge fails.[2]

---

[2]At oral argument, Evans's counsel asserted that the term "knowingly" modifies the interstate-commerce element of 18 U.S.C. § 1591(a) and that the government was therefore required to prove that Evans knew that his actions were in or affecting interstate or foreign commerce. This argument was not made to the district court or raised in Evans's brief on appeal, and we would ordinarily deem it waived. See Solantic, LLC v. City of Neptune Beach, 410 F.3d 1250, 1256 n.6 (11th Cir. 2005) (holding that a statutory-interpretation argument raised for the first time at oral argument and not raised in the district court or in appellate briefs was waived);

**B.**

Count Four of the indictment charged Evans with violating 18 U.S.C.

§ 2422(b), which imposes punishment on anyone who, "*using the mail or any*

*facility or means of interstate or foreign commerce,* . . . knowingly persuades,

induces, entices, or coerces any individual who has not attained the age of 18

years, to engage in  prostitution."  18 U.S.C. § 2422(b) (emphasis added).  Evans

argues that the government did not establish § 2422(b)'s interstate-commerce

element because, although Evans admitted using both a cellular telephone and a

land-line telephone to entice Jane Doe to engage in prostitution, no evidence was

---

United States v. Silvestri, 409 F.3d 1311, 1338 n.18 (11th Cir.) ("Under the law of this Circuit, an issue not raised in a party's initial appellate brief is considered waived, and the party is prohibited from raising the issue later in the appeal."), cert. denied, 126 S. Ct. 772 (2005); see also Plea Agreement at 4 ("This reservation of the defendant's right to appeal is limited to arguments that are raised in district court.").  Because this argument might be regarded as a challenge to our jurisdiction, however, we briefly address it.

We are unaware of any court that has adopted the narrow reading of § 1591(a) urged by Evans.  Nor is there anything in the legislative history of § 1591 suggesting that Congress intended the statute to reach only those sex traffickers who knew they were acting in or affecting interstate or foreign commerce.  The Supreme Court has directed that "the existence of the fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute."  United States v. Feola, 420 U.S. 671, 677 n.9 (1975); see also Smith, 459 F.3d at 1287–89 (applying plain error standard of review and rejecting the argument that the term "knowingly" applies to the interstate-commerce element of 18 U.S.C. § 2252A(a)(5)(B)); United States v. Darby, 37 F.3d 1059, 1067 (4th Cir. 1994) ("Numerous cases have held that criminal statutes based on the government's interest in regulating interstate commerce do not generally require that an offender have knowledge of the interstate nexus of his actions."), cert. denied, 514 U.S. 1097 (1995).  Accordingly, we reject Evans's request to construe § 1591(a) as requiring knowledge by a defendant that his actions are in or affecting interstate commerce.

presented that his intrastate calls were routed through interstate channels. This argument is without merit.

Under Congress's Commerce Clause authority, "Congress is empowered to regulate and protect the instrumentalities of interstate commerce . . . even though the threat may come only from intrastate activities." United States v. Lopez, 514 U.S. 549, 558 (1995). Telephones and cellular telephones are instrumentalities of interstate commerce. See Pipkins, 378 F.3d at 1295; Ballinger, 395 F.3d at 1226. Evans's use of these instrumentalities of interstate commerce alone, even without evidence that the calls he made were routed through an interstate system, is sufficient to satisfy § 2422(b)'s interstate-commerce element. Accord United States v. Gilbert, 181 F.3d 152, 158–59 (1st Cir. 1999) (citing cases and ruling that the intrastate use of a telephone provides a sufficient basis for jurisdiction based on interstate commerce even absent evidence that the call is routed through an interstate system); United States v. Weathers, 169 F.3d 336, 341 (6th Cir.) ("It is well established that telephones, even when used intrastate, constitute instrumentalities of interstate commerce. Similarly, cellular telephones, even in the absence of evidence that they were used to make interstate calls, have been held to be instrumentalities of interstate commerce." (citations and emphasis omitted)), cert. denied, 528 U.S. 838 (1999). Thus, the district court did not err in

10

determining that § 2422(b) reached Evans's conduct and in denying Evans's motion to dismiss Count Four.

## III.

For the foregoing reasons, we affirm Evans's convictions.

**Affirmed.**