[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10459
Non-Argument Calendar

_____

D. C. Docket No. 98-08148-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE WELLONS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 18, 2008)**

Before DUBINA, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Terrance Wellons appeals pro se the district court's order denying Wellons's motion to dismiss his indictment. Wellons argues that the court lacked subject matter jurisdiction to try, convict, and sentence him because there was a "defect" in his indictment. For the reasons set forth more fully below, we affirm.

I.

Generally, we review a district court's denial of a motion to dismiss an indictment for abuse of discretion. See United States v. Evans, 476 F.3d 1176, 1178 (11th Cir.), cert. denied, 128 S.Ct. 193 (2007). However, a district court's subject matter jurisdiction "is a question of law and, therefore, subject to de novo review." United States v. Perez, 956 F.2d 1098, 1101 (11th Cir. 1992).

A motion alleging a defect in an indictment must normally be filed pre-trial, "but at any time while the case is pending, the court may hear a claim that the indictment . . . fails to invoke the court's jurisdiction or to state an offense." Fed.R.Crim.P. 12(b)(3)(B) (emphasis added). In Wellons's case, he filed his motion to dismiss his indictment seven years after we affirmed his convictions and five years after we affirmed the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. See Wellons v. United States, 48 Fed.Appx. 328 (11th Cir. 2002). Thus, Wellons's case was not "pending" within the meaning of Rule 12(b)(3)(B), and, therefore, the district court properly

2

denied the motion.  See United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002) (holding that district court correctly denied a post-conviction motion to dismiss an indictment where the defendant's case that led to his conviction and sentence was no longer pending).

Moreover, as mentioned above, Wellons had already filed one § 2255 motion that was denied by the district court and affirmed by us.  See Wellons v. United States, 48 Fed.Appx. 328 (11th Cir. 2002).  Thus, to the extent that Wellons's motion could be construed as a § 2255 motion, his motion was nonetheless properly denied because Wellons improperly has attempted to circumvent federal habeas requirements.  See 28 U.S.C. § 2255(h), cross-referencing 28 U.S.C. § 2244 (requiring that, before an applicant may file a second or successive § 2255 motion in the district court, the applicant must move the court of appeals for an order authorizing the district court to consider such a motion).

In light of the foregoing, the district court is

**AFFIRMED.**

3