[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11614
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 12, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00066-CR-4-RH/WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MOHAMMED ALI LITON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 12, 2009)

Before CARNES, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Mohammed Ali Liton appeals his conviction for using the internet, a facility

or means of interstate commerce, to induce or entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). The evidence at trial proved that Liton, while in Florida, used the internet to set up a sexual liaison with someone else, also in Florida, whom he thought was a fourteen-year-old female. The person was actually a law enforcement officer posing as a fourteen year old. Liton was arrested after he showed up at the meeting place in Florida. Liton contends that the district court erred in denying his motion for a judgment of acquittal because neither the Commerce Clause nor the Necessary and Proper Clause of the Constitution authorized the application of 18 U.S.C. § 2422(b) to activities that occurred wholly within a single state.

When, as here, a constitutional argument is raised for the first time on appeal, we review only for plain error. See United States v. Peters, 403 F.3d 1263, 1270-71 (11th Cir. 2005). To demonstrate plain error, Liton "must show that: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." See United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003). An error is not plain unless it is contrary to precedent directly resolving a legal issue. United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

The United States Constitution gives Congress the power "[t]o regulate

Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. Art. I, § 8, Cl 3. The Supreme Court has identified the following three broad categories of activity that Congress may regulate under its Commerce power: (1) "the use of the channels of interstate commerce;" (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce;" and (3) "activities that substantially affect interstate commerce." United States v. Lopez, 514 U.S. 549, 558-559, 115 S. Ct. 1624, 1629-1630, 131 L. Ed. 2d 626, 637 (1995) (internal citations omitted).

We have held that the internet is an instrumentality of interstate commerce and that "Congress clearly has the power to regulate the internet, as it does other instrumentalities and channels of interstate commerce, and to prohibit its use for harmful or immoral purposes regardless of whether those purposes would have a primarily intrastate impact." United States v. Hornday, 392 F.3d 1306, 1311 (11th Cir. 2004). Moreover, use of an instrumentality of interstate commerce alone, even without evidence that such use involved an interstate system, is "sufficient to satisfy 18 U.S.C. § 2422(b)'s interstate-commerce element." United States v. Evans, 476 F.3d 1176, 1181 (11th Cir.), cert. denied, 218 S.Ct. (2007).

Regarding the Necessary and Proper Clause, U.S. Const. Art. I, § 8, Cl. 18, we have granted Congress "substantial leeway" to regulate purely intrastate

3

activity, whether economic or not, that it deems to have the potential, in the aggregate, to thwart the broader regulation of interstate economic activity. United States v. Maxwell, 446 F.3d 1210, 1215 (11th Cir. 2006). In a case involving possession of child pornography, we held that 18 U.S.C. § 2252A was a valid exercise of Congress's authority under the Necessary and Proper Clause to effectuate its power to regulate commerce among the several states, regardless of whether the pornography ever traveled in, or was produced using materials that had ever traveled in, interstate commerce. Id. at 1218-19.

This means that the district court did not err, much less plainly err, in denying Liton's motion for a judgment of acquittal on interstate commerce grounds. The internet is an instrument or facility of interstate commerce and the use of it, even if confined to purely intrastate transmissions, is sufficient to satisfy § 2422(b)'s interstate-commerce element. Moreover, Congress has the clear authority under the Necessary and Proper Clause to proscribe Liton's conduct, even if it did occur purely within one state.

**AFFIRMED.**