[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10611
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-00167-WSD-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN MCGILL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 9, 2015)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

After a jury trial, John McGill appeals his conviction for knowingly attempting to persuade, induce, and entice a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b).  According to the trial evidence, McGill responded to a Craigslist ad posted by an undercover officer posing as the mother of a 13-year-old girl.  Through a series of emails and text messages, McGill arranged to travel to the fictitious mother's residence to engage in sexual activity with her fictitious daughter.  When McGill arrived on the mother's doorstep with a condom in his pocket, he was arrested.  After the jury found McGill guilty, the district court imposed a 120-month sentence.

On appeal, McGill argues that: (1) the district court abused its discretion in denying his motion to dismiss the indictment; (2) the district court abused its discretion in not admitting the Internet Crimes Against Children Task Force Operational and Investigational Standards ("ICAC Standards"); and (3) the trial evidence was insufficient to sustain a conviction under 18 U.S.C. § 2422(b) because it showed only that he communicated with the fictitious mother and not directly with the fictitious daughter.  After review, we affirm.

## I.  MOTION TO DISMISS INDICTMENT

The district court did not abuse its discretion when it denied McGill's motion to dismiss the indictment.[1]  It is well-settled that a motion to dismiss an indictment does "not provide for a pre-trial determination of the sufficiency of the evidence," and that "[t]he sufficiency of a criminal indictment is determined from its face."  United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) (quotation marks omitted); see also Fed. R. Crim. P. 12(b)(3)(B).  To avoid dismissal, the charging document "must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet."  United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (quotation marks omitted).

Section 2422(b), the statute under which McGill was charged, states, in relevant part:

> Whoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined . . . and imprisoned . . . .

18 U.S.C. § 2422(b).  McGill's indictment charged that he, "using a facility and means of interstate commerce, knowingly attempted to persuade, induce, and

---

[1]This Court reviews a district court's denial of a motion to dismiss an indictment for abuse of discretion.  United States v. Evans, 476 F.3d 1176, 1178 (11th Cir. 2007).

entice an individual who had not attained the age of 18 years to engage in sexual activity for which the defendant could be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(b)." In other words, the face of McGill's indictment contained the elements of a § 2422(b) offense and sufficiently apprised McGill of the accusations against him.

McGill's argument in his motion—that he did not attempt to persuade, induce, entice, or coerce a minor because his email and text message communications were with "Amy," the fictitious parent, rather than "Emily," the fictitious minor—relate to the sufficiency of the trial evidence, rather than the facial validity of the indictment. See Sharpe, 438 F.3d at 1263. Therefore, the district court properly denied McGill's motion to dismiss the indictment.

## II. EVIDENTIARY ISSUE

As for McGill's evidentiary issue, the district court did not abuse its discretion when it refused to admit Defendant's Exhibit 1, the ICAC Standards, tendered by McGill because it was not properly authenticated. At trial, McGill made no objection to the district court's evidentiary ruling and failed to make a proffer and thus arguably failed to adequately preserve the issue. See United States v. Stephens, 365 F.3d 967, 974 (11th Cir. 2004) (explaining that the defendant must show that his evidentiary objection was adequately preserved or that the ruling constituted plain error).

4

In any event, McGill has not shown any reversible error at all with respect to Defendant's Exhibit 1. When asked whether Defendant's Exhibit 1 was a fair and accurate copy of the ICAC Standards, GBI special agent Brook Lindsey initially responded "I guess so." The district court found that this equivocal statement was insufficient to identify and authenticate the exhibit. See Fed. R. Evid. 901(a), (b)(1) (providing that one way to authenticate a piece of evidence is testimony that the "item is what it is claimed to be"). Notably, upon further questioning, Lindsey indicated that, although she had reviewed the ICAC Standards in the past, she could not remember everything in them and could not say one way or the other whether Defendant's Exhibit 1 was the same ICAC Standards that she had reviewed. Under the circumstances, it was within the district court's discretion to refuse to admit Defendant's Exhibit 1. See United States v. Caldwell, 776 F.2d 989, 1001 (11th Cir. 1985) ("The decision of whether or not a particular piece of evidence has been appropriately identified falls within the discretionary function of the district court, and that determination will not be disturbed on appeal absent a showing that there is no competent evidence to support it." (quotation marks omitted)).

Alternatively, McGill has not shown that the district court's refusal to admit the ICAC Standards affected his substantial rights. McGill questioned the government's witnesses about their compliance with the ICAC Standards, and he

has not shown how the failure to admit the ICAC Standards themselves had a "substantial influence" on the jury's verdict.  See id. at 977.

### III.  SUFFICIENCY OF THE EVIDENCE

Finally, the government presented ample evidence to establish that McGill attempted to knowingly persuade, induce, entice, or coerce a minor to engage in unlawful sex.  See United States v. Murrell, 368 F.3d 1283, 1286 (11th Cir. 2004). McGill's email and text message conversations with "Amy," the fictitious mother of "Emily," demonstrate a clear intent on McGill's part to cause or stimulate the occurrence of unlawful sexual contact between him and Emily.  See id. at 1287 (explaining that the term "induce" unambiguously means "to stimulate the occurrence of" or "cause").  McGill was aware that 13-year-old Emily would be participating in the unlawful sexual contact.  In detailed messages to Amy, McGill: (1) asked numerous questions about Emily's interests and sexual experience, what Emily would enjoy, and what would "freak her out"; (2) requested that Emily wear "sexy panties" because "[g]uys really like that" and take a shower "everywhere because we may go there"; and (3) described what he would say and do to make Emily feel comfortable and the sex acts he planned to perform with Emily when he arrived at Amy's house.  Furthermore, McGill took a substantial step towards committing the crime by driving fifty miles to the rendezvous spot (a Chevron gas station) and then to Amy's residence, and bringing a condom.  See id. at 1288

(finding that a substantial step was taken when the defendant's "acts as a whole strongly corroborate the required culpability").

McGill's argument that communications with an adult intermediary are insufficient to support a § 2422(b) conviction lacks merit. It is well-settled in this Circuit that "direct communications with a minor or supposed minor is unnecessary under the text of § 2422(b)." Id.; see also United States v. Lee, 603 F.3d 904, 912-13 (11th Cir. 2010) (collecting cases). In United States v. Murrell, this Court affirmed a conviction under § 2422(b)'s attempt clause even though the defendant's only contact was with an undercover police officer posing as an adult man with a fictitious teen daughter. 368 F.3d at 1284. The Murrell Court concluded that, by contacting the fictitious parent in order to "cause the minor to engage in sexual activity with him," the defendant had the necessary specific intent to induce the minor to engage in unlawful sexual activity. Id. (noting that "the efficacy of § 2422(b) would be eviscerated if a defendant could circumvent the statute simply by employing an intermediary to carry out his intended objective"). Thus, under Murrell, McGill's communications with fictitious-parent Amy were sufficient to show McGill "acted with a specific intent to persuade, induce, entice, or coerce" a minor to engage in unlawful sexual activity. See id. at 1286.[2]

---

[2]We note that McGill's counsel failed to move for a judgment of acquittal at trial, which would ordinarily result in review only for a miscarriage of justice. See United States v. Milkintas, 470 F.3d 1339, 1343 (11th Cir. 2006). Under this standard, we must affirm unless

For all these reasons, we affirm McGill's conviction and sentence.

**AFFIRMED.**

---

"the evidence on a key element of the offense is so tenuous that a conviction would be shocking." Id. (quotation marks omitted).  Here, however, we readily conclude that the trial evidence amply supported all the elements of a § 2422(b) offense under the attempt clause, and thus we need not reach any miscarriage-of-justice issue.  Additionally, because the trial evidence is sufficient to support the conviction, McGill has sustained no prejudice from his trial counsel's failure to move for a judgment of acquittal.