[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11522

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FRANTISEK PRIBYL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:17-cr-00015-MW-MAF-1

_____

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

A jury convicted Frantisek Pribyl of two charges involving attempt to engage in illicit sexual activity with a minor. In this *pro se* appeal, Pribyl challenges the district court's denial of his second motion for compassionate release and his motions for reconsideration of that denial. The government has moved for summary affirmance and to stay the briefing schedule, arguing that Pribyl's appeal is untimely in part, and, to the extent that is timely, Pribyl has not shown error or an extraordinary and compelling reason for his release. After careful review, we agree with the government that summary affirmance is appropriate. Accordingly, we grant the motion for summary affirmance and deny as moot the motion to stay the briefing schedule.

## I.

We start with the facts of the case. In 2017, a federal grand jury indicted Pribyl for one count of attempting to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and one count of knowingly traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b). A jury convicted him of both counts, and the district court sentenced him to 120 months' imprisonment, followed by ten years of supervised release. We later affirmed Pribyl's convictions. *United States v. Pribyl*, 856 F. App'x 818, 822 (11th Cir. 2021).

After his conviction, Pribyl filed two motions for release to home confinement, once under the CARES Act and again under 18 U.S.C. § 3582(c)(1)(A), both of which the district court denied. We summarily affirmed those denials. *United States v. Pribyl*, Nos. 20-11848, 20-14333, 2022 U.S. App. LEXIS 3892, at *7 (11th Cir. Feb. 11, 2022).

Relevant here, Pribyl submitted a second motion under 18 U.S.C. § 3582(c)(1)(A), in which he sought compassionate release because of the war in Ukraine and the danger it posed to his family. The district court denied that motion, concluding that Pribyl had neither exhausted the administrative process nor presented a legal basis for compassionate release. It also denied two subsequent motions for reconsideration.

Pribyl appealed. His notice of appeal referenced his first motion for reconsideration of the second motion for compassionate release and the district court's order denying the second motion for reconsideration. Instead of filing a response brief, the government moved for summary affirmance and to stay the briefing schedule.

## II.

Before beginning in earnest, we pause to sketch the relevant legal standards triggered by Pribyl's appeal and the government's motion.

Summary affirmance is "necessary and proper" when "one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke*

4                    Opinion of the Court                    22-11522

*Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). A motion for summary affirmance "postpone[s] the due date for the filing of any remaining brief until the court rules on such motion." 11th Cir. R. 31-1(c).

We review *de novo* a criminal defendant's eligibility for compassionate release. *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). But we will affirm a district court's denial of a prisoner's compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) unless we detect an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court's denial of a motion for reconsideration receives abuse-of-discretion review too. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). An abuse of discretion occurs if a district court "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Harris*, 989 F.3d at 911 (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)).

We construe *pro se* appeals liberally and hold *pro se* pleadings "to a less stringent standard." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, "this leniency does not give a court license to serve as *de facto* counsel for a party" or to redraft deficient filings. *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). And to save an issue from abandonment, an appellant must "sufficiently raise" it for our review with more than terse and perfunctory statements. *See United States v. King*, 751 F.3d 1268, 1277 (11th Cir. 2014).

### III.

In its motion for summary affirmance, the government argues that Pribyl's appeal is untimely in part and otherwise fails on the merits. We start with the law governing the timeliness of an appeal and then address the motions at issue.

### A.

Generally, a criminal defendant must file a notice of appeal in the district court within fourteen days after "the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A). A district court may grant an extension of up to thirty days to file a notice of appeal "[u]pon a finding of excusable neglect or good cause." *Id.* 4(b)(4). Notably, the deadlines in Rule 4(b) are not jurisdictional. *United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009). In other words, a party challenging an appeal's timeliness must raise the issue to stop the appeal from proceeding. *See id.* at 1313–14. Once raised, "we must apply the time limits of Rule 4(b)." *Id.* at 1314.

Because Rule 4(b)(4) allows a district court to extend the due date for a notice of appeal by up to thirty days, we usually treat a notice of appeal filed fewer than thirty days late as a motion for extension of time that should be decided by the district court. *See United States v. Ward*, 696 F.2d 1315, 1317 (11th Cir. 1983). In that scenario, it is our customary practice to remand for the district court to "determin[e] whether excusable neglect justifies an extension" under Rule 4(b)(4). *Id.* at 1318.

Under the prison mailbox rule, we consider a *pro se* prisoner to have filed a court document "on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (quoting *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012)). "Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Id.* The burden falls on the government to prove that a prisoner delivered a court filing "on a date other than the date the prisoner signed it." *Id.*

Against this backdrop, we turn to the task at hand.

### B.

Pribyl's filings are not entirely clear about the scope of his appeal. His notice of appeal cites the document numbers of his first motion for reconsideration of the second motion for compassionate release and the district court's denial of the second motion for compassionate release. We have already summarily affirmed the district court's denial of his previous motions for release. *Pribyl*, 2022 U.S. App. LEXIS 3892, at *7. Thus, adopting, as we must, a liberal construction of the filings before us, *see Tannenbaum*, 148 F.3d at 1263, Pribyl seems to challenge the district court's denial of his (1) second motion for compassionate release, (2) first motion for reconsideration, and (3) second motion for reconsideration. We address each in turn.

1.

The district court denied Pribyl's second motion for compassionate release on March 7, 2022. We deem the filing date of Pribyl's appeal of that order as April 26, 2022, the date he signed the notice of appeal. *See Jeffries*, 748 F.3d at 1314. Because fifty days had elapsed from the date the district court entered its order, Pribyl's appeal was not timely under Rule 4(b)(1)(A). *See* Fed. R. App. P. 4(b)(1)(A) (stating that "a defendant's notice of appeal must be filed . . . within 14 days after . . . the entry of either the judgment or the order being appealed"). Nor was Pribyl eligible for an extension of time under Rule 4(b)(4) because he filed his notice of appeal more than "30 days from the expiration of time otherwise prescribed by" Rule 4(b)(1)(A). *See id.* 4(b)(4). To qualify for an extension of time, Pribyl would have needed to file his notice of appeal not more than forty-four days after the district court's denial of his second compassionate release motion. *See id.* 4(b)(1)(A), 4(b)(4). Though these deadlines are not jurisdictional, the government has moved to enforce them, so "we must apply the time limits of Rule 4(b)." *Lopez*, 562 F.3d at 1313–14. Thus, Pribyl's appeal of the district court's denial of his second motion for compassionate release is untimely.

2.

The district court denied Pribyl's first motion for reconsideration of the second compassionate release motion on April 4, 2022. Pribyl appealed that decision twenty-two days later, when he signed the April 26 notice of appeal. *See Jeffries*, 748 F.3d at 1314. Because Pribyl filed his notice of appeal fewer than thirty days after

the due date prescribed by Rule 4(b)(1)(A), we could treat his late appeal as a motion for extension of time under Rule 4(b)(4) and remand to the district court so it can determine whether Pribyl has shown excusable neglect or good cause for the late filing. *See Ward*, 696 F.2d at 1317.

But the permissive guidance from *Ward* is ill-suited to Pribyl's case. Pribyl timely appealed the denial of his second motion for reconsideration, and nothing in Pribyl's filings suggests that he appeals the denial of the first motion for reconsideration on a different basis than the second one. Instead, Pribyl's appeal of the denial of his first motion for reconsideration—whether timely or not—rises and falls on the same arguments raised in his timely appeal of the denial of his second motion for reconsideration. So remanding for the limited purpose of allowing the district court to make a Rule 4(b)(4) determination about whether to allow an appeal of the first motion for reconsideration would be futile. *See Touchston v. McDermott*, 234 F.3d 1133, 1157 (11th Cir. 2000) (Tjoflat, J., dissenting) (noting that, in some circumstances, remand may be inappropriate and "a waste of judicial energy and resources"). Pribyl's request that we reverse the district court's refusal to reconsider its denial of compassionate release can either be granted or denied on the merits based on our review of his timely appeal from the district court's denial of his second motion to reconsider.

3.

We now turn to the district court's denial of Pribyl's second motion to consider, which Pribyl timely appealed.

Pribyl sought compassionate release under 18 U.S.C. § 3582(c)(1)(A) to fight in the war in Ukraine and to protect his family living abroad. For the first time on appeal, however, Pribyl seems to advance additional bases—such as his wife's ailments, discrimination against him by prison officials and inmates, memory loss, threats of violence against him in prison, diabetes, and cancer risk—for the district court's error in denying his second compassionate release motion and related motions for reconsideration. But Pribyl never raised those arguments at the district court, and they are not properly before us. *See United States v. Evans*, 476 F.3d 1176, 1180 n.2 (11th Cir. 2007) (refusing to consider argument not made to the district court).

Usually, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But a court may grant a compassionate release motion and "reduce the term of imprisonment" upon finding that "extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A). The U.S. Sentencing Guidelines provide the applicable policy statement for compassionate release motions under Section 3582(c)(1)(A). The Guidelines list four categories of extraordinary and compelling reasons for compassionate release: (1) the defendant's medical condition, (2) the defendant's age, (3) family circumstances, and (4) other reasons determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1. Section 1B1.13 amounts to "an

applicable policy statement that governs all [compassionate re-lease] motions." *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Thus, "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Id.* And the Sentencing Commission, not the district court, "is tasked with defining the universe of 'extraordinary and compel-ling circumstances' that can justify a sentence reduction." *Id.* at 1255. In other words, courts cannot craft new extraordinary and compelling reasons from whole cloth. *See id.* at 1263.

Pribyl has not presented any valid basis for compassionate release. Fighting in Ukraine and protecting family members living abroad are not extraordinary and compelling reasons under the Guidelines. *See* U.S.S.G. § 1B1.13. And even if we considered the additional bases he raises for the first time on appeal, his claim still fails. His wife's health, discrimination, threats of violence from prison staff and inmates, and non-terminal medical conditions can-not qualify Pribyl for compassionate release under Section 1B1.13. *See id.* The text of Section 1B1.13 controls, and courts cannot ex-pand the universe of extraordinary and compelling reasons for compassionate release unilaterally. *See Bryant*, 996 F.3d at 1255. Ac-cordingly, the district court properly denied Pribyl's second motion for compassionate release and the subsequent motions for recon-sideration. Because there is "no substantial question as to the out-come of the case" and the government's position is clearly correct as a matter of law, summary affirmance is warranted. *See Groen-dyke*, 406 F.2d at 1162.

**IV.**

22-11522               Opinion of the Court                    11

For these reasons, we **GRANT** the government's motion for summary affirmance and **DENY AS MOOT** its motion to stay the briefing schedule. We **AFFIRM** in part and **DISMISS** in part.