**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff - Appellee,<br><br>    v.<br><br>RALPH DARNELL REDD, AKA Zig Zag,<br><br>              Defendant - Appellant. | No. 12-50101<br><br>D.C. No. 3:10-cr-02740-W-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Argued and Submitted March 5, 2013
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and KENNELLY, District Judge.[**]

Ralph Darnell Redd appeals his jury convictions for sex trafficking of a

minor, 18 U.S.C. § 1591 (Count 1); production of sexually explicit images of a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

minor, § 2251 (Count 2); and distribution of such images, § 2252 (Count 3).  We affirm.

1.     Redd contends that there was insufficient evidence that he possessed the requisite mental state for each count when he committed the acts that violated the law.  This argument falters on P.L.'s testimony that she told Redd her true age near the beginning of their relationship.  *See United States v. Brooks*, 610 F.3d 1186, 1197 (9th Cir. 2010).  Redd asserts that no reasonable jury could have accepted P.L.'s testimony, largely because she had lied about her age many times before.  But P.L. explained her turn-about—she had lied in the past to protect Redd, but ultimately was not willing to go to jail for him by committing perjury.  A reasonable jury could have credited this testimony and concluded that Redd had actual knowledge of P.L.'s age when he committed the acts upon which each of the counts is predicated.

2.     Redd next argues the district court was obligated to sever the three counts against him because there was an intolerable risk that the jurors would confuse the three different levels of mens rea required for the three crimes.  This argument lacks support.  Redd never requested severance and does not argue that the jury was improperly instructed on any of the counts.

**3.**     Redd argues that 18 U.S.C. § 1591(c)—which permits conviction for sex trafficking of a minor when the defendant "had a reasonable opportunity to observe" the minor, even if he had no actual knowledge of her age—is unconstitutionally vague as applied and that jury instructions quoting the statute were therefore unconstitutional.  He also argues that § 1591 violates due process by improperly reducing the government's burden to show knowledge of age beyond a reasonable doubt.  We need not address these arguments because, by convicting Redd on Count 3, the jury necessarily found that Redd had *actual* knowledge of P.L.'s age before she was detained in juvenile hall.  We likewise need not address Redd's argument that there was insufficient evidence that Redd "deliberately avoided" learning P.L.'s age.

**4.**     Redd next contends that the district court abused its discretion by admitting cumulative and inflammatory evidence and then denying a supplemental instruction identifying the specific evidence pertinent to each charged count.  Redd concedes, however, that the district court was aware that Redd's pimping was undisputed and so limited the admissibility of exhibits going solely to that fact.  The district court overruled a relatively small number of Redd's pertinent objections and did not abuse its discretion in determining that the admitted exhibits were relevant and not unduly prejudicial.  Nor did the district court abuse its

3

discretion in declining to read a supplemental instruction requested after the jury may have begun to deliberate.

**5.** Finally, Redd argues that the prosecution committed misconduct by urging the jurors to convict Redd in order to address general social ills. The prosecution told jurors that "[t]his law is in place . . . because we can't have people turning a blind eye. . . . Because child prostitution, as you've heard, is an epidemic." The prosecution added that San Diego, where the trial was held, "is the eighth worst city in the United States for child prostitution. This is a serious offense, and it has to be stopped."

Redd did not properly preserve his objection in the district court. The plain error standard therefore applies. *See United States v. Del Toro-Barboza*, 673 F.3d 1136, 1152 (9th Cir. 2012). Reversal for plain error is appropriate only if the statements were (1) improper and (2) substantially prejudiced Redd's trial. *United States v. Sanchez*, 659 F.3d 1252, 1256 (9th Cir. 2011); *see also Del Toro-Barboza*, 673 F.3d at 1152 ("We will overturn a conviction because of statements in closing arguments for plain error only where the statement 'undermine[s] the fundamental fairness of the trial and contribute[s] to a miscarriage of justice.'" (quoting *United States v. Gwaltney*, 790 F.2d 1378, 1386 (9th Cir. 1986) (alterations in original))). Even if both prongs of the test are met, "[t]he plain error

doctrine 'authorizes the Courts of Appeals to correct only particularly egregious errors . . . that seriously affect the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Bracy*, 67 F.3d 1421, 1432 (9th Cir. 1995) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).

The prosecution's comments were improper because their implication was that the jury should convict Redd "for reasons wholly irrelevant to [Redd's] own guilt or innocence," *i.e.*, "to protect community values, preserve civil order, or deter future lawbreaking." *Sanchez*, 659 F.3d at 1256 (internal quotation marks omitted); *see also United States v. Weatherspoon*, 410 F.3d 1142, 1149 (9th Cir. 2005) (improper for prosecutor to say that "finding this man guilty is gonna protect other individuals in this community"); *United States v. Leon-Reyes*, 177 F.3d 816, 823 (9th Cir. 1999) (prosecutors may not "point to a particular crisis in our society and ask the jury to make a statement" with their verdict); *United States v. Williams*, 989 F.2d 1061, 1072 (9th Cir. 1993) (improper to exhort jury to "[t]ell these defendants that we do not want [methamphetamine] in Montana").

Reversal is not required here, however. Redd's prejudice argument relies heavily on *Sanchez*, in which this court reversed a conviction on plain-error review based on improper prosecutorial argument. 659 F.3d at 1261. But the facts of *Sanchez* are distinguishable. There, the prosecutor made a (1) "fully developed

5

argument" (2) just before the jury retired (3) bearing no logical connection to the testimony or other evidence (4) that directly encouraged the jury to resolve the key credibility dispute against the defendant. *Id.* at 1258-61; *see also Weatherspoon*, 410 F.3d at 1146-49 (reversal warranted under plain-error standard where prosecutor, among other things, impermissibly vouched for and against credibility of important witnesses). Here, in contrast, the prosecutor's comments (1) did not constitute a "fully developed argument" for conviction; (2) were not uttered just before the jury retired; (3) and connected, in part, to testimony about the frequency of sex trafficking of minors in San Diego; and (4) there was other evidence of Redd's knowledge of P.L.'s age beyond P.L.'s testimony and therefore the conviction did not rest solely on a credibility determination. In light of the foregoing, and the totality of the evidence presented at trial, we cannot say that the prosecutor's comments were so egregious that they tainted the verdict and deprived Redd of a fair trial.

    **AFFIRMED.**