[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11538
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20634-JLK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JENNIFER RIVERA,
CHRISTOPHER ANDREW TERRY,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(March 12, 2014)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Jennifer Rivera appeals her convictions and sentence, and her codefendant, Christopher Andrew Terry, appeals his sentence, imposed after a jury convicted them each on two counts of: (1) conspiring to commit sex trafficking of a minor by force or fraud in violation of 18 U.S.C. § 1591(a)(1), (b)(1), (b)(2), and § 1594(c), and (2) sex trafficking of a minor by force or fraud in violation of 18 U.S.C. § 1591(a)(1), (b)(1), and (b)(2). The sentencing judge imposed sentences of 235- and 292-months imprisonment on Rivera and Terry respectively.

On appeal Rivera argues that there was not sufficient evidence at trial to support her convictions. She also argues that the district court erred in applying a two-level sentencing enhancement for use of a computer or interactive computer service to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor victim because the jury did not make the requisite findings to support the enhancement. Lastly, she and Terry both argue that the district court imposed substantively unreasonable sentences. For the following reasons, we affirm.

## I.

Rivera and Terry met the minor victim, H.G., in New York City through mutual acquaintances in August 2012. Although H.G. was only sixteen, she initially told Rivera and Terry she was 19. Later the same day that they met, she told Terry that she was 15. H.G. ended up staying with Rivera and Terry in New

2

York for several days.  During this time Terry bought her clothes and took pictures of her wearing a dress.  He also took pictures of Rivera.  These pictures later appeared in advertisements for prostitution on a website called Backpage.com that Rivera told law enforcement she used to find customers for herself and H.G. Rivera also told law enforcement that she posted the advertisements.

While staying with Rivera and Terry, H.G. testified that one afternoon she fell asleep in the car when they were driving around and woke up to find they had left New York.  They traveled all the way to Miami.

While they were traveling, H.G. used Rivera's phone to access Facebook to try and contact her mother.  At some later time, Rivera contacted H.G.'s mother using Facebook.  H.G.'s mother testified that she told Rivera H.G.'s true age.  H.G. also testified that Rivera confronted her at one of the hotels in Miami for lying about her age, saying that H.G. was 16 instead of 15.

While in Miami, they stayed in a number of hotels.  Rivera and Terry arranged a series of prostitution dates for H.G., after which H.G. would give the money to Terry.  On one of the dates H.G. testified that Rivera held her down. Another one of the dates went awry, ending with gunshots.  As a result H.G. got separated from Rivera and Terry, and was picked up by the police.  Rivera and Terry were also brought to the police station where they signed Miranda rights waiver forms and gave interviews.

3

II.

A. Sufficiency of the Evidence

Rivera first argues that there was not sufficient evidence to establish that (1) Rivera intended H.G. to travel in interstate commerce for the purpose of committing a commercial sex act; and (2) Rivera knew, or acted in reckless disregard of, H.G's minor age.

We review de novo a challenge to the sufficiency of the evidence, considering the evidence in the light most favorable to the government, and drawing all reasonable inferences and credibility choices in the government's favor. United States v. Friske, 640 F.3d 1288, 1290–91 (11th Cir. 2011). "A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." United States v. Herrera, 931 F.2d 761, 762 (11th Cir. 1991).

Under § 1591(a)(1), the government first must show that the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained a person by any means. 18 U.S.C. § 1591(a)(1). The government then must prove one of two alternatives:  that the defendant knew or was in reckless disregard of the fact that (1) the person was under the age of 18 and would be made to engage in a commercial sex act, or (2) means of force, threats of force, fraud, or coercion would be used to cause the person to engage in a commercial sex act. Id.

4

Lastly, the government must prove that the defendant's acts were in or affected interstate or foreign commerce.  Id.

1.  Interstate Commerce

Relying on a different statute, 18 U.S.C. § 2423, Rivera first argues that the government had to prove that she transported H.G., or caused her to be transported, in interstate commerce with the knowledge or intention that H.G. would then engage in a commercial sex act.  However, the elements of § 2423 and § 1591, under which Rivera was charged and convicted, are different.  Unlike § 2423, § 1591 only requires that the defendant's acts take place in or affect interstate commerce.[1]  18 U.S.C. § 1591(a)(1) (criminalizing conduct that occurs "in or affecting interstate or foreign commerce").

Because of this difference, even conduct occurring only in one state can satisfy the interstate commerce element of § 1591.  United States v. Evans, 476 F.3d 1176, 1178–80 (11th Cir. 2007).  This is so because the conduct still "frustrate[s] Congress's broader regulation of interstate and foreign economic activity. . . [and] contribute[s] to the market that Congress's comprehensive scheme seeks to stop."  Id. at 1179 (quotation marks and alteration omitted).  The use of hotels that serve interstate travelers and distribution of condoms that travel

---

[1]  In comparison § 2423(a) applies to "[a] person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce . . . with intent that the individual engage in prostitution."

5

in interstate commerce are also evidence that a defendant's conduct affected interstate commerce.  Id. at 1179–80 (citation omitted).

In this case, Rivera, through her conduct with H.G., participated in the national market of trafficking of children for commercial sex acts that Congress has chosen to regulate.  The government also offered evidence to show that Rivera traveled from New York to Florida, used hotels that service interstate travelers for some of the prostitution dates, and used the internet and cell phones to coordinate the dates.  There was therefore sufficient evidence to establish the interstate commerce element of Rivera's offense.

2.  H.G.'s Age

Rivera next argues that the government failed to prove that she knew or recklessly disregarded H.G.'s true age.  We note that the statute requires proof that either Rivera knew or was in reckless disregard of H.G.'s age or that Rivera knew or was in reckless disregard of the fact that means of force, threats of force, fraud, or coercion would be used to cause H.G. to engage in a commercial sex act. 18 U.S.C. § 1591(a).  We affirm because there was sufficient evidence for the jury to find one, if not both, of these alternatives.

As to H.G.'s age, the government presented evidence that even if Rivera was misled as to H.G.'s age at first, she learned H.G. was a minor during the time Rivera and Terry were still arranging prostitution dates for H.G. in Miami.

Regardless, there was also evidence that satisfied the alternative element that a means of force was used to cause H.G. to engage in a commercial sex act. Specifically, the government presented evidence that Rivera held H.G. down to make her participate in one of the prostitution dates. There was also evidence that Terry hit Rivera and H.G.

Because a "reasonable construction of the evidence would have allowed the jury to find [Rivera] guilty beyond a reasonable doubt" as to both the interstate commerce element and the element of minor age or means of force, we affirm her convictions. Herrera, 931 F.2d at 762.

## B. Sentencing Enhancement

Rivera argues for the first time on appeal that the application of a two-level enhancement for her use of a computer or interactive computer service was improper because the sentencing judge, instead of the jury, made the requisite findings to support the enhancement. We review the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. United States v. Bane, 720 F.3d 818, 824 (11th Cir. 2013). Where, as here, a defendant seeks to raise a sentencing argument for the first time on appeal, we review that claim for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). Under this standard of review, there must be error that was plain and which affected the defendant's substantial rights. Id.

7

Section 2G1.3(b)(3) of the United States Sentencing Guidelines (USSG) provides for a two-level increase to the offense level if an offense involved the use of a computer or an interactive computer service to "entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with [a] minor." USSG § 2G1.3(b)(3). It does not affect the statutory mandatory minimum provided for by 18 U.S.C. §§ 1591 or 1594(c), the statutes under which Rivera was convicted. The statutory maximum for a violation of § 1591(a) is life imprisonment. 18 U.S.C. § 1591(b). The statutory minimum is fifteen years if the offense involves a child under the age of 14 or "force, threats of force, fraud, or coercion." Id. at § 1591(b)(1). Otherwise the statutory minimum is ten years if it involved a child between the ages of 15 and 17. Id. at § 1591(b)(2). Section 1594(c) provides that "[w]hoever conspires with another to violate section 1591 shall be fined under this title, imprisoned for any term of years or for life, or both." Id. § 1594(c).

Rivera relies upon Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151 (2013), in making her argument that the jury, not the sentencing judge, had to make the findings that support the enhancement for use of a computer or interactive computer service. In Alleyne, the Supreme Court held that any fact, other than a prior conviction, that increases the statutory minimum punishment is an element that must be charged in the indictment and proved beyond a reasonable doubt. Id. at 2155, 2162–63. The Court cautioned that its holding did not disturb

8

judicial factfinding at sentencing for facts that do not impact the statutory punishment. Id. at 2163.

Because the enhancement applied to Rivera only affected her Sentencing Guidelines range, not her statutory mandatory minimum or maximum, her reliance on Alleyne is misplaced. For Rivera, the jury did make specific findings as to the facts that affected her statutory minimum, specifically whether Rivera's conduct involved "force, threats of force, fraud, or coercion," or a child of between 15 and 17 years. On this record, it was not error for the sentencing judge to make the required findings to apply the two-level sentencing enhancement for use of a computer or an interactive computer service. We therefore affirm that ruling.

### C. Procedural and Substantive Reasonableness

Lastly, Rivera argues that the district court failed to adequately consider the § 3553(a) factors in declining to grant her a downward variance in her sentence. Terry also appeals the substantive reasonableness of his sentence.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We use a two-step process to ensure that the sentence is both procedurally and substantively reasonable. United States v. Turner, 626 F.3d 566, 573 (11th Cir. 2010).

A sentence is procedurally unreasonable if the district court erred in calculating the Guidelines range, treated the Sentencing Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the sentence, including any deviation from the Guidelines range. United States v. Rodriguez, 628 F.3d 1258, 1264 (11th Cir. 2010). Neither Rivera nor Terry argues that their sentences were procedurally unreasonable.

The substantive reasonableness of a sentence is determined in light of the totality of the circumstances, and we will not vacate a sentence as substantively unreasonable unless we are left with the definite and firm conviction that the district court clearly erred in weighing the § 3553(a) factors and imposed a sentence outside the range of reasonable sentences. Turner, 626 F.3d at 573. In considering the § 3553(a) factors, the district court does not have to discuss each one explicitly. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008). An acknowledgement that the court has considered the defendant's arguments and the § 3553(a) factors will suffice. Id. Furthermore, the fact that a sentence is below the statutory maximum is indicative of its reasonableness. See id.

1. Rivera's Sentence

The Presentence Investigation Report set Rivera's Sentencing Guidelines range at 292- to 365-months imprisonment, which included three enhancements.

10

At the sentencing hearing, Rivera only objected to application of the undue influence enhancement under USSG § 2G1.3(b)(2)(B).  The district court sustained this objection, which lowered her Guidelines range to 235 to 293 months.  The sentencing hearing transcript also reflects that the district court considered Rivera's arguments for a downward variance in making its final sentencing determination.  The district court sentenced Rivera to the bottom end of her Guidelines range, 235-months imprisonment.

Although Rivera concedes that the district court considered the § 3553(a) factors, Rivera argues that the district court's consideration of those factors "was insufficient" given her personal circumstances, her relationship with Terry, and her relative role in the offenses.  She also claims that a lesser sentence would have been sufficient to achieve the broader goals of sentencing.

Given that the district court considered Rivera's specific circumstances and sentenced her to the bottom end of her Guidelines range, well below the statutory maximum, we are not left with the definite and firm conviction that the district court committed a clear error of judgment in its weighing of the § 3553(a) factors.  We therefore affirm Rivera's sentence.

2.  Terry's Sentence

Terry argues that the district court failed to give proper consideration to the factors set forth in 18 U.S.C. § 3553(a).  We again conclude the record does not

show the district court committed a clear error of judgment in its weighing of the § 3553(a) factors, and therefore affirm Terry's sentence.

At the sentencing hearing, the district court sustained Terry's sole sentencing objection, the application of an undue influence enhancement under USSG § 2G1.3(b)(2)(B). This lowered the bottom end of Terry's Sentencing Guidelines range from 360-months to 292-months imprisonment. After considering Terry's arguments for a downward variance based on the § 3553(a) factors, the district court sentenced Terry to the low end of his Guidelines range, 292-months imprisonment. The record does not support Terry's argument that the district court failed to properly weigh his history and characteristics, as the transcript shows the district court acknowledged Terry's arguments and considered the § 3553(a) factors in making its sentencing decision. See Gonzalez, 550 F.3d at 1324. The reasonableness of Terry's sentence is also indicated by its being well below the statutory maximum. Id.; 18 U.S.C. § 1591(b)(1). We therefore affirm Terry's 292-month sentence.

## III.

For these reasons, we affirm Rivera and Terry's convictions and sentences.

**AFFIRMED.**

12