NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0556n.06

No. 14-3548

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Aug 06, 2015 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE NORTHERN |
| BRADY JACKSON, JR., | ) | DISTRICT OF OHIO |
|  | ) |  |
| Defendant-Appellee. | ) |  |
|  | ) |  |
|  | ) |  |

BEFORE: McKEAGUE and GRIFFIN, Circuit Judges; and DRAIN, District Judge.[*]

GRIFFIN, Circuit Judge.

A jury convicted defendant Brady Jackson of two counts of sex trafficking of a minor in violation of 18 U.S.C. § 1591. He now appeals, arguing that the government presented insufficient evidence to convict him. We disagree and therefore affirm.

I.

We review de novo a claim of insufficient evidence and assess the evidence "in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Campbell,* 549 F.3d 364, 374 (6th Cir. 2008) (citing *United States v. Grubbs*, 506 F.3d 434, 438 (6th Cir. 2007)). "[This court] will reverse a judgment based on a finding of insufficient

---

[*]The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

evidence only if the judgment is not supported by substantial and competent evidence upon the record as a whole." *Id.* (citing *Grubbs*, 506 F.3d at 438). Further, this court must make all reasonable inferences in support of the jury's verdict. *Id.* (citing *United States v. Newsom*, 452 F.3d 593, 608 (6th Cir. 2006)).

> "[A]n appellate court's reversal for insufficiency of the evidence is in effect a determination that the government's case against the defendant was so lacking that the trial court should have entered a judgment of acquittal, rather than submitting the case to the jury." *Lockhart v. Nelson,* 488 U.S. 33, 39 (1988). Because the Double Jeopardy Clause affords a defendant who obtains a judgment of acquittal absolute immunity from further prosecution for the same crime, the Supreme Court has stated that "it ought to do the same for the defendant who obtains an appellate determination that the district court *should* have entered a judgment of acquittal." *Id.* Accordingly, defendants bear a heavy burden when asserting insufficiency of the evidence arguments. *United States v. Spearman,* 186 F.3d 743, 746 (6th Cir. 1999).

*United States v. Wettstain,* 618 F.3d 577, 583 (6th Cir. 2010). Moreover, this court must "resolve all issues of credibility in favor of the factfinder's verdict." *United States v. Wade,* 318 F.3d 698, 701 (6th Cir. 2003) (internal brackets, citation, and quotation marks omitted). Circumstantial evidence "is entitled to the same weight as direct evidence[,]" *United States v. Farley,* 2 F.3d 645, 650 (6th Cir. 1993), and "[c]ircumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *Wettstain,* 618 F.3d at 583 (citation omitted).

## II.

Title 18, Section 1591(a) of the U.S. Code provides, in relevant part:

Whoever knowingly . . . in or affecting interstate . . . commerce[1] . . . recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person . . . knowing, or in reckless disregard of the fact that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that

---

[1]Jackson does not challenge the statute's interstate nexus.

the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

Because both of Jackson's victims—"RM" and "AC"—were minors at all times covered by the indictment, the government could prove Jackson's guilt in two ways. First, the government could prove beyond a reasonable doubt that Jackson knew or was in reckless disregard of the fact that "force, threats of force, fraud, [or] coercion" would be used to cause his victims to engage in a commercial sex act. 18 U.S.C. § 1591(a). Or, the government could simply show Jackson knew or was in reckless disregard of the fact that his victims were under the age of eighteen and would be "caused to engage in a commercial sex act." *Id.* In other words, the government "did not need to prove the elements of fraud, force, or coercion, which are required for adult victims." *United States v. Elbert*, 561 F.3d 771, 777 (8th Cir. 2009) (citing 18 U.S.C. § 1591(a)); *see also United States v. Pringler*, 765 F.3d 445, 449 (5th Cir. 2014) (citation omitted); *United States v. Rivera*, 558 F. App'x 971, 975 (11th Cir. 2014) ("[T]he statute requires proof that *either* [the defendant] knew or was in reckless disregard of [his victim's] age *or* that [the defendant] knew or was in reckless disregard of the fact that means of force, threats of force, fraud, or coercion would be used to cause [his victim] to engage in a commercial sex act." (citing 18 U.S.C. § 1591(1))); *United States v. Warren*, 491 F. App'x 775, 778 (8th Cir. 2012) ("[A] defendant violates 18 U.S.C. § 1591 if he "knowingly . . . transports" a person "knowing, or in reckless disregard of the fact . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act. . . .").

Moreover, "[b]ecause § 1591(a) requires proof of knowledge *or* reckless disregard [of the fact of the victim's age]—not both—the government may satisfy its burden by proving knowledge *or the substitute for knowledge*." *United States v. Robinson*, 702 F.3d 22, 32 (2d Cir.

2012). Indeed, the statute explicitly provides that "[i]n a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained or maintained, the Government need not prove that the defendant knew that the person had not attained the age of 18 years." 18 U.S.C. § 1591(c). Reckless disregard of the victims' age is sufficient to obtain a conviction.

At trial, the government presented evidence that Jackson posted online advertisements featuring his victims. Those advertisements offered his victims' services as prostitutes. Jackson does not dispute these facts. His sole argument on appeal is that he did not know or recklessly disregard his victims' ages because RM told him that both she and AC were over the age of eighteen.

We address each victim—and therefore each count of the indictment—separately. We begin with Count 2 of the indictment: sex trafficking of AC. AC testified at trial that she specifically told Jackson that she was sixteen. Jackson replied "well, I'm just going to say you're 18 [in the online advertisement]." Accordingly, construing these facts in the light most favorable to the prosecution, *Campbell,* 549 F.3d at 374, we conclude that Jackson—at a minimum—recklessly disregarded the fact that AC was under the age of eighteen at the time Jackson caused her to engage in a commercial sex act.

Jackson's argument—that RM told him AC was of age—is unpersuasive for two reasons. First, there is no testimony in the record to support Jackson's assertion. No witness testified RM ever made any statement to Jackson about AC's age. When questioned by defense counsel about whether RM told Jackson AC was over eighteen, AC testified she was unaware of any such statement. Second, even assuming there was evidence RM told Jackson that AC was over eighteen, Jackson would not be entitled to reversal. Our sister circuits have declined to reverse §

1591 convictions where the defendant initially believed his or her victims were of age, but later encountered reasons to doubt that belief. *Rivera*, 558 F. App'x at 975 (in affirming the defendant's conviction for trafficking a minor under § 1591, reasoning that "even if Rivera was misled as to [her victim's] age at first, she learned [that her victim] was a minor during the time Rivera [and her codefendant] were still arranging prostitution dates for [the victim]"); *United States v. Redd*, 511 F. App'x 656, 658 (9th Cir. 2013) (defendant's argument that he did not know the victim's true age "falters on [the victim's] testimony that she told [the defendant] her true age near the beginning of their relationship"). We find the reasoning of our sister circuits persuasive and decline to depart from it, particularly in light of the fact that Jackson offers us no reason to do so. Thus, we decline to disturb the jury's verdict as to Count 2 of the indictment and affirm Jackson's conviction on that count.

We next turn to Count 1 of the indictment: sex trafficking of RM. Jackson notes that RM told him she was over eighteen, and argues this fact alone is sufficient to reverse his conviction on Count 1. We disagree.

Section 1591 does not permit a defendant to remain willfully ignorant of facts casting serious doubt on a victim's verbal affirmance that she has reached the age of majority. Indeed, one of our sister circuits has persuasively explained that the touchstone for whether a defendant recklessly disregards a victim's age is whether there are facts that "would cause a reasonable person to question whether the victim was actually eighteen years old." *United States v. Phea*, 755 F.3d 255, 261 (5th Cir. 2014). To that end, juries are entitled to consider many different types of facts when determining whether a defendant recklessly disregarded a victim's minority status, including the victim's "appearance or behavior," "information from the victim, or others,"

and "[c]ircumstances of which a defendant was aware, such as the victim's grade level in school, or activities in which the victim engaged[.]" *Id.*

There were numerous facts in this case that would cause a reasonable person to think RM was under the age of eighteen in spite of her claims to the contrary. For example, the jury was able to view RM's appearance at the time she prostituted herself for Jackson—when she was fifteen years old—by viewing the online advertisements Jackson posted that featured RM. The jury also saw RM's ninth-grade school photograph. The jury was accordingly able to assess her appearance in the school photograph and advertisements and compare it to her appearance in court, by which time she was eighteen. Therefore, "the jury was entitled to draw its own conclusions . . . regarding [RM's] appearance and behavior, unless the record reflects that no reasonable person could have suspected that [RM] was under the age of eighteen."

And, based on this record, we are not persuaded that no reasonable person could have so suspected. *See also Robinson*, 702 F.3d at 35 (finding sufficient evidence to convict the defendant where the jury "had an opportunity to observe [the victim] testify at trial, when she was nineteen years old, and also to view several photographs of [the victim] taken before she turned eighteen"). Other facts adduced at trial would combine to cause a reasonable person to suspect that RM was under eighteen. RM's friend was AC, who specifically told Jackson she was underage. Moreover, RM and AC were "jumping around" in a motel room, thus engaging in youthful play. When Jackson bought alcohol at a gas station, AC bought herself and RM non-alcoholic drinks. A reasonable jury could have concluded from these facts that Jackson knew that RM was under the age of eighteen. In light of these facts, and because we must make all reasonable inferences in support of the jury's verdict, *Campbell,* 549 F.3d at 374, we cannot conclude that the prosecution presented insufficient evidence to convict Jackson on Count 1.

III.

For these reasons, we affirm the judgment of the district court.