**NOT RECOMMENDED FOR PUBLICATION**
File Name: 17a0549n.06

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| HAROLD DAVIS, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, GRIFFIN, and KETHLEDGE, Circuit Judges.

GRIFFIN, Circuit Judge.

For his role in attempting to arrange a paid sex act by a seventeen-year-old girl, a jury convicted defendant Harold Davis of sex trafficking a minor in violation of 18 U.S.C. § 1591 (as well as another crime). In this direct appeal, Davis argues the district court constructively amended his indictment by instructing the jury that the government did not need to prove Davis knew the girl was under age if he "had a reasonable opportunity to observe" her. In the alternative, he maintains the government did not sufficiently prove he had "a reasonable opportunity to observe" the minor. We disagree and affirm.

I.

Davis convinced his then-girlfriend, Yanisha Rivera, to prostitute herself. The two operated out of a hotel in Memphis, Tennessee, and used Backpage.com—a website known to

facilitate prostitution—to set up "dates." Davis then recruited a minor female, D.B., to join their "team," and arranged a date at a hotel for Rivera and D.B. to "work" together on the evening of June 7, 2014. The trio went to the hotel. But Davis "thought it was a setup," so they left in Davis's car.

As coincidence would have it, Deputy Richard McKinney of the Shelby County Sheriff's Department stopped the car shortly after it left the hotel because it had expired registration tags. The deputy then detained Davis for failing to have a valid driver's license, secured Rivera and D.B., and conducted a consent search of the car. The search revealed indicia of sex trafficking—numerous bags of condoms, lingerie, lubricant, and hygiene products. Acting on his suspicion, Deputy McKinney searched Backpage.com for Davis's phone number. That search yielded an advertisement that promoted an "80 Dollar Special" for "2 Girl[s]" in Memphis and specifically featured pictures of Rivera and D.B.

Deputy McKinney ticketed all three for promoting prostitution in violation of Tennessee Code § 39-13-515, and also ticketed D.B. for criminal impersonation in violation of Tennessee Code § 39-16-301 because she would not correctly identify herself (she provided several different names, Social Security numbers, and dates of birth). Authorities later conclusively determined D.B.'s identity and discovered she was seventeen years of age. (Davis disputes he knew D.B. was a minor, claiming D.B. told him she was nineteen.) Thereafter, a grand jury indicted Davis on one count of sex trafficking a minor in violation of 18 U.S.C. § 1591 and one count of using interstate commerce to facilitate unlawful activity in violation of 18 U.S.C. § 1952. A jury convicted Davis on both counts, and the district court sentenced him to 151 months' incarceration.

Davis raises two related issues on appeal. First, he claims the district court erred by instructing the jury that the government need not "prove that the defendant knew that 'D.B.' was under the age of 18" if he "had a reasonable opportunity to observe 'D.B.'" in order to convict him under § 1591, thus constituting a constructive amendment of count one of his indictment. Second, he argues that even if there was no constructive amendment, the government did not put forth sufficient evidence to prove Davis had "a reasonable opportunity to observe" D.B.

II.

At the time of defendant's offense conduct, 18 U.S.C. § 1591(a) (2012) provided in pertinent part as follows:

> Whoever knowingly–(1) in or affecting interstate or foreign commerce . . . recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person . . . knowing, or in reckless disregard of the fact . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

Subsection (b) then sets forth statutory mandatory minimums. Because D.B. was seventeen years old, this meant at least ten years of imprisonment. § 1591(b)(2). The crux of this case is the next subsection:

> In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained or maintained, the Government need not prove that the defendant knew that the person had not attained the age of 18 years.

§ 1591(c). In Davis's view, because his indictment did not mention this "reasonable opportunity to observe" substitute for actual knowledge, the government's evidence and the jury instructions on this substitute constituted a constructive amendment.

The Fifth Amendment prevents the government from trying a defendant on "charges that are not made in the indictment against him." *Stirone v. United States*, 361 U.S. 212, 215–17

(1960). A "constructive amendment" "results when the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which modify essential elements of the offense charged such that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment." *United States v. Kuehne*, 547 F.3d 667, 683 (6th Cir. 2008) (citation omitted). We deem constructive amendments "per se prejudicial," for they "infringe upon the Fifth Amendment's grand jury guarantee." *United States v. Hynes*, 467 F.3d 951, 962 (6th Cir. 2006) (citation and brackets omitted). A defendant bears the burden of proving a constructive amendment. *United States v. Ferguson*, 681 F.3d 826, 830 (6th Cir. 2012). Having properly preserved this issue below, we review Davis's claim of error de novo. *United States v. Beasley*, 583 F.3d 384, 389 (6th Cir. 2009).

"To determine whether a constructive amendment has occurred . . . , we review the language of the indictment, the evidence presented at trial, the jury instructions and the verdict forms utilized by the jury." *Kuehne*, 547 F.3d at 683–84. We begin and, for the most part, end our inquiry upon examination of the face of the indictment. Count 1 provides that defendant:

> did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means, in and affecting interstate commerce, D.B., a minor whose identity is known to the Grand Jury, and did benefit, financially and by receiving something of value, knowing and in reckless disregard of the fact that D.B. had not attained the age of 18 years and would be caused to engage in a commercial sex act, and knowing that force, fraud, and coercion would be used to cause D.B. to engage in a commercial sex act; all in violation of Title 18, United States Code, Sections 1591(a)(1) and (2), (b)(1) and (2), **(c)**, and Section 2.

(Emphasis added.) As highlighted by the emphasis in the preceding block quote, Davis's indictment specifically calls out subsection (c) as a portion of the statute the grand jury charged him with violating. Although the indictment does not expressly use the subsection's "reasonable opportunity to observe" language, citation to that subsection—which only addresses that

knowledge substitute, and nothing more—sufficed in this circumstance, as it gave "the official or customary citation of the statute . . . that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1); *cf. United States v. Miller*, 471 U.S. 130, 136 (1985) ("As long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime.").

The government's trial evidence—as further detailed below—generally tracked the theory of liability alleged in the indictment.[1] As the district court noted below, Davis here too "suggests no way in which the presentation of evidence at trial made it likely that his conviction on Count 1 was for an offense other than the one charged in the indictment." The same goes for the jury instructions, which provided in relevant part as follows:

> The second element of the offense that the Government must prove beyond a reasonable doubt is that "D.B." was under the age of 18 and the defendant knew or recklessly disregarded that fact.
>
> If you find that the defendant had a reasonable opportunity to observe "D.B.," the Government is not required to prove that the defendant knew that "D.B." was under the age of 18.

These instructions properly track the statute cited in the indictment, the government's evidence, and § 1591(a)'s elements. *See also United States v. Mack*, 808 F.3d 1074, 1081 (6th Cir. 2015); *United States v. Jackson*, 622 F. App'x 526, 527–28 (6th Cir. 2015).

---

[1]The verdict form did not detail the elements of Count 1; it just provided the jury with a guilty/not guilty option.

In sum, Davis did not meet his burden that "the evidence presented *and* the jury instructions" undermined "the important functions of an indictment" so as to establish a constructive amendment.[2] *Hynes*, 467 F.3d at 962.

III.

Alternatively, Davis contends the government's proof supporting § 1591(c)'s "reasonable opportunity to observe" was insufficient, and therefore the district court erred in denying his motion for judgment of acquittal. We review a district court's denial of a motion for judgment of acquittal de novo, assessing "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In so doing, we draw "all reasonable inferences in support of the jury's verdict and will reverse a judgment for insufficient evidence only if the judgment is not supported by substantial and competent evidence upon the record as a whole." *United States v. Stewart*, 729 F.3d 517, 526 (6th Cir. 2013) (internal quotation marks omitted). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept to support a conclusion. It is evidence affording a substantial basis of fact from which the fact in issue can be reasonably inferred." *United States v. Taylor*, 800 F.3d 701, 711 (6th Cir. 2015) (citation omitted). "In sum, a defendant claiming insufficiency of the evidence bears a very heavy burden." *United States v. Callahan*, 801 F.3d 606, 616 (6th Cir. 2015) (citation omitted).

---

[2]Because Davis's indictment expressly charged him with violating § 1591(c), we need not consider—as Davis urges us to do—whether the "reasonable opportunity to observe" provision is a distinct theory of culpability independent from knowledge or reckless disregard. *See, e.g.*, *United States v. Lockhart*, 844 F.3d 501, 515–16 (5th Cir. 2016).

Defendant has not surmounted this challenge. The record evidence establishes sufficient facts from which a jury could reasonably infer Davis had a "reasonable opportunity to observe" D.B. Davis met D.B. on the street. Davis then booked a room at the hotel and posted an ad to Backpage.com featuring a picture taken of D.B. in a room at the hotel—from this a jury could reasonably infer Davis spent time with D.B. that day taking her picture for the ad. And on the very next day, Davis brought D.B. to Rivera, introduced her to Rivera, and then drove the two to the hotel. Viewing this evidence in the light most favorable to the government, we conclude any rational jury could have found Davis had a reasonable opportunity to observe D.B. *Jackson*, 443 U.S. at 319; *see also United States v. Blake*, 868 F.3d 960, 975–76 (11th Cir. 2017) (holding the government proved the defendant had a "reasonable opportunity" to observe the minor when, among other things, he "spent twenty minutes taking pictures of [her] for her Backpage ad").[3]

## IV.

For these reasons, we affirm the judgment of the district court.

---

[3]The district court interpreted our decision in *Jackson* to hold that "if a jury makes a reasonable-opportunity finding, the Government still must prove the defendant recklessly disregarded the victim's age." Davis's sufficiency-of-the-evidence appeal focuses solely on the evidence supporting Davis's "reasonable opportunity to observe" D.B. and raises no argument regarding the government's reckless disregard evidence. Because Davis forfeited this latter argument, we need not address the district court's interpretation of *Jackson*.